HILL, APPELLEE, *v.* HILL, APPELLANT.

(No. 3655—Decided January 17, 1955.)

*Mr. Russell G. Mock,* for appellee.
*Mr. Edwin L. Stanley* and *Mr. John Haralambie,* for appellant.

PHILLIPS, J.   The parties to this appeal were married on July 1, 1930, and thereafter lived together as husband and wife until April 1952, during which time, as disclosed by the evidence, as the result of their joint efforts they accumulated a sizeable amount of property, both real and personal, found by the referee to be $118,296.

The plaintiff, Gladys Hill, sued the defendant for a divorce and for alimony.  Defendant cross-petitioned.  The trial judge

granted the plaintiff a divorce from the defendant on the ground of extreme cruelty, dismissed the defendant's cross-petition for want of prosecution, and ordered the defendant to pay "to the plaintiff the sum of five thousand ($5,000) dollars cash and assign to the plaintiff, Gladys Hill, the note and mortgage on property known as the Miller farm in Newton Township, Trumbull County, Ohio, and being a note and mortgage from Richard W. Miller and Bernice Miller, husband and wife, and recorded in volume 412, page 311, Trumbull County records of mortgages, which is approximately six thousand ($6,000) dollars, and also deed to her as and for alimony all the property known as the point or triangle lying between state route 534 and route 18 comprising of about eleven (11) acres of land [known as the homestead]."

The trial judge ordered further that:

"* * * all the costs of this court shall be paid by the defendant, Wendell Hill, and that all claims of temporary alimony on the part of the plaintiff as well as future alimony, other than the allowances as heretofore mentioned, be merged and is considered by this court in his total allowances to the plaintiff and defendant on compliance with the orders of the court is released from all obligations arising out of the marital relationship. * * *

"It is further ordered and decreed that attorneys Oscar A. Stephens and John B. Cunningham be and they are hereby awarded the sum of $1500 as and for attorney fees, for which amount judgment against the defendant is hereby entered, the same to constitute a lien on defendant's real estate, herein described.

"It is the further order of this court that the defendant shall pay all outstanding obligations either existing as against he, Wendell Hill, or Gladys Hill, which were incurred prior to June of 1952, whether same be taxes or ordinary accounts, and that the plaintiff is hereby held not responsible for said indebtednesses.

"* * * All of the rest of the realty now owned by the defendant hereafter described shall be his and the plaintiff is ordered to sign quit-claim deeds, conveying to the defendant

any and all rights that she may have in said property, and inasmuch as there is no apparent cash on hand, judgment is rendered in favor of the plaintiff and against the defendant in the sum of five thousand ($5000) dollars heretofore mentioned to be paid by the defendant to the plaintiff in cash which judgment shall be a lien on what is known as the balance of the Hill farm * * *."

The defendant appealed to this court on questions of law and fact. The case was not appealed properly as one on questions of law and fact. Accordingly the words, "and fact," were stricken from the defendant's notice of appeal, and, it appearing that a bill of exceptions was duly filed, the appeal was submitted, argued, and retained as one on questions of law.

By assignments of error the defendant contends:

"a. Excessive award made by the court referee, master or commissioner, indicating that the same was given under the influence of passion and prejudice or that they were based upon misapprehension of law and fact.

"b. That the final order, judgment, decree and report are not sustained by the evidence and are contrary to law.

"c. Errors of law and abuse of discretion in the referee, master or commissioner and of the judge, which took place both in and out of court, during the period of said proceedings, without an opportunity afforded the defendant-appellant to accept or to proffer testimony."

As suggested by the referee in his report to the trial judge, detailed reference can not be made to defendant's assets and still keep the length of this opinion within reasonable bounds.

The evidence supports the referee's finding that at the time of trial, the defendant's assets consisted of real estate of the appraised value of $40,500, unsecured notes and notes secured by mortgages worth $18,990, and disputed evidence of miscellaneous income of $58,806, making a total of $118,296. It is impossible to determine positively from the record whether money allegedly loaned by defendant, evidenced by notes and mortgages, is included in miscellaneous income; or whether some of such items may also be included under the heading of unsecured notes or notes secured by mortgages. The defendant testified that he did not have any of the notes which he had

left with his brother for safekeeping; that there had been a fire; and that he did not know whether such notes had been destroyed in such fire.

There is disputed evidence that the defendant gave $10,000 to a person in Warren and $5,000 to a brother in New Castle; and there was testimony of the defendant, which is highly evasive, concerning his finances and financial operations, practically all of which were cash transactions.

There is evidence that the defendant owes the United States government approximately $25,000 for unpaid income tax for previous years, which sum is a lien on his real estate; and that other debts, including doctor bills, attorneys' fees, court costs and other expenses of litigation will amount to $10,000.

Likewise, there is evidence that plaintiff collected money due defendant, which money she retained to apply on temporary alimony defendant owed to her; and evidence that defendant collected $2,000 of which the plaintiff was entitled to one-half, but only $295 of which was paid to her to apply on the amount of $1,000 he owed her as one-half of the $2,000.

Both parties own their own automobiles, and the plaintiff has a trailer valued at $1,700, in which the defendant has an equity of $1,000. The plaintiff is living in the homestead, and has all the furniture therein, which furniture is valued at $1,500.

A study of the record, which is not too easy to read or understand, convinces us that ''under the uncertain, complicated, and unascertainable financial status of the defendant,'' due to the defendant's refusal since 1949 to keep records or books, as disclosed by the evidence, his tactics of hiding large sums of money in various places about his house, person and elsewhere, and his inability to remember where his money was, the trial judge ''having due regard to property which came to either by their marriage, the earning capacity of either and the value of real and personal estate of either, at the time of the decree'' made a just and fair property division between the parties, as expressed by the referee in his report. See Section 3105.18, Revised Code.

We can not say that the trial judge erred to the defend-

ant's prejudice in any of the respects urged in his assigned grounds of error, which assignments we have considered carefully.

The judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

GRIFFITH, P. J., and NICHOLS, J., concur.